IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
AUG 12 2014
US District Court
Western District of NC

GEORGE ALEXANDER

TRIAL BY JURY DEMANDED

PLAINTIFF,

CASE NO. 3:14 cv 434 - MOC

-V-

MEDICAL REVENUE SERVICES, aka MEDICAL DATA SYSTEMS
A DELAWARE LIMITED LIABILITY COMPANY,

DEFENDANT,

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ('FCRA') and FAIR DEBT COLLECTION PRACTICES ACT ('FDCPA')

### NATURE OF ACTION

1. Plaintiff, George Alexander, hereby files this complaint, against Defendant, Medical Revenue Services dba Medical Data Systems, Inc. (hereinafter Defendant) for Defendant's violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*; as well as violations of the Fair Debt Collection Practices Act ('FDCPA') § 1692 *et seq.*

### I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337; for statutory claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

4. All conditions precedent to the bringing of this action have been performed.

### II. PARTIES

5. Plaintiff, George Alexander is a natural person residing in Charlotte, North Carolina and is a

consumer pursuant to 15 U.S.C.§ 1692a(3) and 15 U.S.C.§ 1681a(c).

6. Defendant Medical Revenue Services dba Medical Data Systems is a "debt collector" within the meaning of 15 U.S.C. § 1681a(6), a "credit furnisher" within the meaning of the 15 U.S.C. §1681a(c); a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, and a "user of information" as defined by 15 U.S.C. § 1681m, and a limited liability corporation formed under the laws of the state of Florida with a principal place of business located at 2001 9th Avenue, Vero Beach FL 32960.

### III. GENERAL ALLEGATIONS

7. Plaintiff brings this action regarding the Defendant in its reporting of an alleged debt Defendant has represented to be owed them by Plaintiff. However, Plaintiff is without knowledge of the alleged debt that Defendant claims is owed.

8. In April and July of 2013 Plaintiff received dunning letters from Defendant that made claims by the Defendant regarding an alleged debt.

9. Consequently, Plaintiff is without specific knowledge and evidence that supports Defendant's claims and allegations.

10. On August 1, 2013 in response to Defendant's dunning letters, Plaintiff served upon Defendant a Notice for Validation of Debt bearing certified mail number **7012 3050 0001 8819 7097**.

11. The notice required Defendant to validate the alleged debt.

12. The notice was delivered to Defendant on August 7, 2013.

13. On or about June 25, 2013, Plaintiff obtained his consumer credit report from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion.

14. Plaintiff discovered that Defendant was reporting false and erroneous information on all three reports of an alleged debt due and owing to Defendant.

15. On or around July 16, 2013, August 15, 2013, September 3, 2013, Plaintiff immediately filed disputes with the three major CRA's, Equifax, Experian and Transunion respectively.

16. In a Transunion report dated October 12, 2013 (39 days later) Transunion, after conducting an investigation, appears to have determined that the alleged debt was not verifiable, and was deleted from Plaintiff's credit report.

17. In an Experian report dated August 16, Experian, after conducting an investigation, appeared to have determined that the alleged debt was verified, and that it would remain on Plaintiff's credit report.

18. In a credit report dated October 8, 2013, Equifax, after conducting an investigation, appeared to have determined that the negative account was not verified because the account was removed from Plaintiff's credit report.

19. In September of 2013 Plaintiff made another dispute with Experian.

20. In a credit report dated October 2, 2013, the negative account was removed from Plaintiff's credit report.

21. Upon information and belief, Plaintiff can only make the determination that Defendant must have verified that the negative information was reported inaccurately and appeared to have agreed to have the negative entry removed.

22. In December 13, 2013 Plaintiff faxed to Defendant a notice inquiring Defendant the opportunity to provide its reasoning for the false reporting onto Plaintiff's credit reports.

23. No response has been received from Defendant to date.

24. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested to do so.

## IV. COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT MEDICAL REVENUE SRVICES

25. Paragraphs 1-24 are re-alleged as though fully set out herein.

26. Discovery of violations brought forth herein occurred in August of 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. 1681p.

27. Experian, Equifax and Transunion are credit reporting agencies ('CRA') within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

28. Consumer credit report is a consumer report (hereinafter" credit report") within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

29. The FCRA, 15 U.S.C. 1681s-2(b) has obligations regarding credit furnishers to investigate consumers disputes.

30. Subsection of 1681s-2(b) specifies a second set of obligations on a furnisher.

31. These obligations are triggered once a credit reporting agency (hereinafter "CRA") notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2).

32. After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681(i) of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy.

33. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

   (1) to conduct "an investigation" with respect to the
   disputed information;
   (2) to "review all relevant information" provided by
   the credit reporting agency;
   (3) to "report the results of its investigation" back to
   the credit reporting agency;
   (4) if the investigation finds the existing information
   is incomplete or inaccurate, to report back those
   results to each of the consumer reporting agencies to
   whom the furnisher originally communicated
   information about the consumer; and
   (5) to "modify,...delete...or...permanently block"
   the reporting of any item of information found to be
   inaccurate, incomplete, or which cannot be verified
   as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

34. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA.

35. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b).

36. The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher.

37. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher.

38. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA.

39. Defendant violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by publishing the representation onto Plaintiff's credit file with one or more CRA's, by failing to fully and properly investigate the Plaintiff's dispute of the representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer Experian credit report.

40. Plaintiff notified Defendant of its dispute by mail, and Defendant also received notice from the CRA's.

41. Defendant willfully reported information purported to be in connection with Plaintiff which they knew or should have known was false and erroneously reported to the CRA's, appearing to violate FCRA 15 U.S.C. § 1681s-2(b).

42. Plaintiff, by filing disputes with the CRA's invoked his right of action to assert claims of relief against Defendant arising under 15 U.S.C. Section 1681s-2(b).

43. All actions taken by Defendant were done with malice, willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff; and/or that their actions were taken in violation of the FCRA; and/or that Defendant knew or should have known that its actions were in reckless disregard of the FCRA.

44. Defendant, in each of its acts, constitute multiple, willful non-compliance within the FCRA.

45. Plaintiff has been significantly harmed by Defendant due to erroneous reporting of the alleged debt.

46. Due to Defendant's acts, Plaintiff has suffered anxiety of applying for credit because of the fear of being denied credit.

47. The fear from being denied credit was a proximate cause of Defendant's reporting of false debt in the form of accounts that Plaintiff did not owe to Defendant.

48. Plaintiff is entitled to actual damages for those creditors who denied Plaintiff credit based on a deteriorated credit score and credit worthiness.

49. Defendant's negligent and noncompliant acts may have been a direct violation of 15 U.S.C. § 1681(o) and 15 U.S.C. § 1681(n) respectively.

50. Plaintiff made a reasonable dispute and provided Defendant with an opportunity to provide how they determined Plaintiff owed to them a debt and to engage in mitigation of damages and reach a settlement for its perceived violations before taking civil action against them.

51. The negative accounts were removed because of what Plaintiff believes to be the CRA's inability to verify that the alleged debt was owed by Plaintiff.

52. There is no nexus between Plaintiff and Defendant that would give rise to Defendant attempting to collect an alleged debt from Plaintiff.

53. Defendant's actions appear to be willful and negligent because it knew or should have known that the reporting of an alleged debt was false and inaccurate, and not owed to them by Plaintiff.

54. Even after receiving the notice of dispute, and after the CRA's contacted Defendant regarding such disputes through its investigations, Defendant still did not immediately opt to have the negative items removed from Plaintiff's Experian credit report.

55. As a result of the Defendant's consumer obstructions, Plaintiff demands judgment for damages that he incurred.

56. Defendant is liable for statutory damages for each violation, actual damages, attorney's fees and punitive damages to be decided at trial and all fees and costs of Plaintiff pursuant to FCRA 15 U.S.C. § 1681n.

57. Therefore, Defendants are liable to Plaintiff for damages to his consumer credit reports which resulted in higher auto insurance premiums, embarrassment, loss of sleep, anger, anxiety, and other related damages due to Defendant's acts.

WHEREFORE, Plaintiff demands judgment against Defendant for punitive, statutory, and actual damages pursuant to 15 U.S.C. §1681n and any other and further relief the court deems appropriate.

## IV. COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT MEDICAL REVENUE SRVICES

58. Defendant has violated 15 U.S.C. §1692g(a) by failing to, within 5 days of its initial communication with Plaintiff, send a written notice setting forth the requirements of 15 U.S.C.§1692g(1)-(5).

59. Defendant has violated 15 U.S.C.§1692e(2)(A) by falsely representing that Defendant owes the alleged debt.

60. Defendant has violated 15 U.S.C. §1692e(8) by communicating known false information to a credit reporting agency even after becoming aware that the alleged debt was disputed by Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, for statutory damages actual damages and any attorney's fees and costs pursuant to 15 U.S.C.1692 et seq.

Dated: August 5, 2014

Respectfully submitted,

*George Alexander*

George Alexander, Consumer/Plaintiff
4208 Cerise Drive
Charlotte, North Carolina 28269